1  Abraham J. Colman (SBN 146933)
   Felicia Y. Yu (SBN 193316)
2  Raymond Y. Kim (SBN 251210)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA 90071-1514
4  Telephone:    213.457.8000
   Facsimile:    213.457.8080
5
   Attorneys for Defendant
6  Santander Consumer USA, Inc.
   dba Chrysler Capital, LLC
7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN BERNARDINO

10

11

12 JOHN LEGNAIOLI, individually, and on       Case No. CIVDS1503076
   behalf others similarly situated,
13                                             CLASS ACTION
                    Plaintiff,
14                                             **DEFENDANT SANTANDER CONSUMER
          vs.                                  USA, INC., DBA CHRYSLER CAPITAL,
15                                             INC.'S ANSWER TO PLAINTIFF'S
   CHRYSLER CAPITAL, LLC.; and DOES 1          COMPLAINT AND DEMAND FOR JURY
16 through 50, inclusive,                      TRIAL**

17                  Defendants.                Complaint Filed: March 5, 2015

18                                             The Honorable Joseph R. Brisco
                                               Dept. S33 -- Complex
19

Defendant Santander Consumer USA, Inc., dba Chrysler Capital, Inc. ("Defendant") hereby answers the unverified Complaint ("Complaint") of Plaintiff John Legnaioli ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant denies each and every allegation contained in the Complaint and each alleged cause of action, and denies that Plaintiff, or any persons alleged to be a member of the putative class, has been harmed or is entitled to any relief. Defendant further denies that Plaintiff, or any persons alleged to be a member of the putative class, has sustained damages in the amounts alleged in the Complaint, or any other amount, or any damages at all, by reason of any act or breach on the part of Defendant or its agents, representatives or employees.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The claims of Plaintiff, or any persons alleged to be a member of the putative class, fail to allege facts sufficient to state any cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Right to Compel Arbitration)

2. Plaintiff's claims are subject to arbitration, and Defendant reserves its right compel arbitration of this matter, pursuant to the relevant agreement.

## THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3. The claims of Plaintiff, or any persons alleged to be a member of the putative class, are barred by all applicable statutes of limitations, including but not limited to California Civil Procedure Code Sections 337, 338, 339, 340 and 343, and California Business and Professions Code Section 17208.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4. All of the causes of action alleged in the Complaint are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5. Plaintiff, or any persons alleged to be a member of the putative class, has waived any and all claims, rights and demands that he had or may have against Defendant, and any claims by Plaintiff asserted herein are subject to that waiver.

## SIXTH AFFIRMATIVE DEFENSE

(Ratification/Consent)

6. Plaintiff, or any persons alleged to be a member of the putative class, has ratified or consented to the actions and conduct of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

7. Plaintiff, or any persons alleged to be a member of the putative class, fails to show that any alleged acts or omissions of Defendant caused the damages, injuries, or loss claimed by them.

## EIGHTH AFFIRMATIVE DEFENSE

(Complaint Moot)

8. The Complaint, and/or each cause of action therein, is barred by the doctrine of mootness.

## NINTH AFFIRMATIVE DEFENSE

(Plaintiff's Own Conduct)

9. Any damages purportedly suffered by Plaintiff, or any persons alleged to be a member of the putative class, resulted from his own negligence, acts or conduct.

## TENTH AFFIRMATIVE DEFENSE

(Fault of Plaintiff and/or Others)

10. If Plaintiff, or any persons alleged to be a member of the putative class, suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, any persons alleged to be a member of the putative class, or of third parties, and not Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Damages)

11. Plaintiff, or any persons alleged to be a member of the putative class, did not incur any damages, injury, or loss as a result of any act or conduct by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

(Offset)

12. Defendant is entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat the recovery thereunder by Plaintiff, or any persons alleged to be a member of the putative class.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Innocent Mistake/Bona Fide Error)

13. Any alleged acts or omissions of Defendant giving rise to the claims of Plaintiff, or any persons alleged to be a member of the putative class, if any, are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Defendant. Defendant, at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Intent)

14. Defendant specifically denies that it acted with any intent or knowledge to cause any injury or loss to Plaintiff, or any persons alleged to be a member of the putative class.

## FIFTEENTH AFFIRMATIVE DEFENSE

SANTANDER CONSUMER USA, INC., DBA CHRYSLER CAPITAL, LLC'S ANSWER TO COMPLAINT

(Justification)

15. The acts and omissions alleged in the Complaint were justified.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

16. The claims of Plaintiff, or any persons alleged to be a member of the putative class, are uncertain, ambiguous, and unintelligible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

17. Plaintiff, or any persons alleged to be a member of the putative class, have failed, in whole or in part, to mitigate their alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith/Conformance with Applicable Standards)

18. With respect to all matters alleged in the Complaint, Defendant at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff, or any persons alleged to be a member of the putative class.

### NINETEENTH AFFIRMATIVE DEFENSE

(Compliance with Law)

19. Defendant met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Defendant, including California Civil Code Section 2983.2.

### TWENTIETH AFFIRMATIVE DEFENSE

(Substantial Compliance)

20. Defendant substantially complied with all statutory requirements and standards, including California Civil Code Section 2983.2.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Voluntary Payment)

21. The voluntary payment doctrine precludes Plaintiff, or any persons alleged to be a member of the putative class, from recovering restitution for monies allegedly paid to Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to State a Claim to Attorneys' Fees)

22. The Complaint and each purported claim for relief therein fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Unconstitutionality)

23. California Code Section 3294 and the California Judicial Doctrine allowing open-ended extra-contractual and punitive damages for certain claims, if either is applicable herein as to PlaintiffS' claims, are invalid on its face and as applied to Defendant, as violating Article I, Sections 1, 2, 7, 9, 16 and 17, Article III, Section 3 and Article IV, Section 1 of the California Constitution; and the Ex Post Facto Clause of Article I, Section 10, Article IV, Section 2, and the First Amendment and Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Preemption)

24. One or more of the causes of action asserted by Plaintiff are subject to preemption by governing federal statute(s).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

25. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

WHEREFORE Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees according to proof; and
4. For such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| DATED: April 15, 2015 | REED SMITH LLP<br><br>By: *Raymond Y. Kim*<br>Raymond Y. Kim<br>Attorneys for Defendant<br>Santander Consumer USA, Inc.<br>dba Chrysler Capital, LLC |

## DEMAND FOR JURY TRIAL

Defendant Santander Consumer USA, Inc., dba Chrysler Capital, LLC, hereby demands a trial by jury in this action.

DATED: April 15, 2015

REED SMITH LLP

By: *Raymond Y. Kim*
Raymond Y. Kim
Attorneys for Defendant
Santander Consumer USA, Inc.
dba Chrysler Capital, LLC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On April 15, 2015 I served the following document(s) by the method indicated below:

**DEFENDANT SANTANDER CONSUMER USA, INC., DBA CHRYSLER CAPITAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

| | |
|---|---|
| ☐ | by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. The transmitting fax machine complies with Cal.R.Ct 2003(3). |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
| ☐ | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☐ | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service. |
| ☐ | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

Bryan Kemnitzer  E-Mail: bryan@kbklegal.com
Nancy Barron  E-Mail: nancy@kbklegal.com
Adam J. McNeile  E-Mail: adam@kbklegal.com
KEMNITZER, BARRON & KRIEG, LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901
**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 15, 2015, at Los Angeles, California.



PATTY KEEN